Chief Justice Robertson
delivered'the Opinion, of the Court-
This is a- bill- in- chancery filed by William Waller against Wiíliam Demint-, alleging that the latter held slaves the property' of the former,, which- could not be recovered in an action at law, in consequence of the time which had elapsed since the cause of action had accrued • but that frequently, during the period within which a suit at law might have been maintainéd, Demint had lulled him (Waller,) by propositions of compromise, and by expressing the opinion .that he (Waller,) was entitled to the slaves, and a determination to give them up. The object of the bill is to avoid the statute of limitations, and obtain a decree for the slaves. The circuit court sustained a demurrer to- the bill.
ff the allegations of the bill be deemed sufficient to shew that Demint recognised the title of Waller, and held under it, or surrendered to him his claim, within five years,- then, as the adversary possession was thereby extinguished, the statute of limitations would not have been available at law. And if that deduction be unauthorized, the fact that Waller was lulled by delusive hopes, or expectations, cannot give the chancellor power to enjoin Demint from the benefit of the statute of limitations, and to decree the slaves to Waller.
Whether the object of the bilí be a specific execution of an implied agreement to surrender the slaves, or a decree for an avoidance of the statute of limitations, the chancellor had not jurisdiction. If, under other circumstances, any relief could be afforded, there should be none in this case, because the bill does not allege that *93 any assurance was given by Demint, to Waller, within five years immediately preceding the institution of the suit. This would be a sufficient reason (had there been no other,) for sustaining the decree of the circuit court.
Decree affirmed.